UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MOSES DENSON, | ) | CASE NO. 3:10 CV 1440 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| SAMUEL A. CRISH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Moses Denson filed the above-captioned action under 42 U.S.C. §1983 against Allen County Sheriff Samuel A. Crish, Allen County Jail Administrator Lieutenant John Allen, Allen County Administrative Sergeant Matthew Baty, the Allen County Jail, Allen County Inmate Services Corporal Todd Gresham, Social Worker Darrell Craft, Allen County Jail Head Nurse Glenna Davis, Allen County Jail Nurse Michelle Magnus, and Allen County Jail Physician Dr. Biery. In the complaint, Plaintiff alleges the Defendants violated his Eighth Amendment rights. He seeks monetary damages.

**Background**

Mr. Denson asserts claims pertaining to four separate issues. First, he contends Defendants Craft and Gresham were deliberately indifferent to his mental health needs. Second, he claims

Head Nurse Glenna Davis, Nurse Michelle Magnus, and Dr. Biery were deliberately indifferent to his serious medical needs.  Third, he asserts that the grievance procedure at the jail is inadequate and fourth, he complains of the conditions of his confinement at the jail.

### Mental Health

Mr. Denson indicates he sent a kite to social worker Darrell Craft in August 2009 stating he was "having mental health issues."  (Compl. at 4.)  He contends Mr. Craft did not respond.  His kites to Mr. Craft in August, September, and October 2009 also went unanswered. Mr. Denson encountered Mr. Craft in the hallway and attempted to speak with him.  He contends the social worker was too busy to talk.  He claims Mr. Craft ignored him when he saw him in the hallway in December 2009 and January 2010.  Mr. Denson "broke down crying" in February 2010 which prompted a corrections officer to summon Mr. Craft.  Still, Mr. Craft did not respond.  Plaintiff finally was called to a classroom where he was confronted by Corporal Gresham and Mr. Craft. He was told he was fine and was ordered to stop bothering Mr. Craft.  Mr. Denson states his "mental health issues" have not been addressed.

### Medical Treatment

In addition, Mr. Denson claims medical personnel at the jail were deliberately indifferent to his chronic medical condition.  He claims he is a diabetic.  He states Nurse Mangus informed him of his condition in 2006 after receiving the results of some lab work.  He indicates this notation was missed by Nurse Davis when she reviewed his medical records in preparation for a physical.  He contends he was on medication while housed at the Lebanon Correctional Institution ("LCI") prior to coming to the Allen County Jail in July 2009.  He states he informed Nurse Mangus several times that he was a diabetic but she did not act on this information.  He claims he requested lab work on June 9, 2010.  He also suggested that his medical records be retrieved from LCI.  He contends his

records were not requested, but Dr. Biery did order the lab work. Mr. Denson was placed on medication on June 14, 2010.

### Grievance Procedures

Mr. Denson complains that the grievance procedures in the Allen County Jail are inadequate. He states that the form is only one page in length, does not provide carbon copies for the inmate, and are not properly secured to prevent them from being viewed by the officer about whom the grievance is written. He claims any inmate or officer can view them at any time.

### Conditions of Confinement

Finally, Mr. Denson alleges the conditions of his confinement are cruel and unusual. He states he was moved to the basement area of the jail in May 2010. He indicates these cells have no windows and no outside lighting. He contends this is strains his eyes.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons set forth below, this action is dismissed pursuant to §1915(e).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, Mr. Denson fails to establish the objective component of his mental health, his grievance procedure, and his conditions of confinement claims. He states he has "mental health issues" but gives no indication as to what those issues may be and does not describe his condition. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of

action will not meet this pleading standard *Id.* Mr. Denson's mental health claim does not contain sufficient factual allegations to set forth a claim for deliberate indifferent to serious medical needs.

Mr. Denson also claims that the grievance procedure is inadequate and states his basement cell is not illuminated with natural lighting from a window. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Inmates "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). These claims do not allege a deprivation which triggers Eighth Amendment scrutiny.

While Mr. Denson's claim concerning his diabetes arguably presents a sufficiently serious medical condition, he has not alleged facts to suggest that the Defendants were deliberately indifferent to that condition. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state

tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Mr. Denson indicates the diagnosis was in his medical records but it was overlooked by Nurse Davis. He claims he mentioned it to Nurse Mangus but she did not follow up on the information. When he requested lab work, it was performed and he was placed on medication. There are no allegations in the Complaint to suggest that Nurse Davis, Nurse Magnus or Dr. Biery was deliberately indifferent to his serious medical needs. At best, the conduct alleged could be described as negligent. These allegations are insufficient to state a claim under the Eighth Amendment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.